# UNITED STATES PROBATION OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

**Violation Report on Defendant Under Pretrial Supervision – Warrant Requested**

Name of Defendant: Derald Solomon Case #: 26-CR-069-PB-AJ

Name of Judicial Officer: Honorable Andrea K. Johnstone, U.S. Magistrate Judge

Assistant U.S. Attorney: Matthew T. Hunter

Date of Report: 10/30/2026

Original Charge(s): Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2); Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(5)(B); Possession of Obscene Material in violation of 18 U.S.C. § 1466A

Date Supervision Commenced: August 6, 2026

==================================================================

**The following information is provided in accordance with 18 U.S.C. §3154(5) and 12(B). Note: This report is confidential and can only be used for making a determination of conditions of release. It is available only to the court, defense counsel, defendant, and attorney for the government. No one else is authorized to review this report.**

==================================================================

NON-COMPLIANCE SUMMARY

The defendant has not complied with the following condition(s) of Pretrial supervision:

**Violation of Condition 7(y): The defendant shall participate in the location monitoring program and comply with the requirements, as directed in subsections i, ii, and iii:**

(i) Following the location restriction component:

Home detention: You are restricted to your residence at all times except for employment, education, religious services, medical, substance use, or mental health treatment, attorney visits, court appearances, court-ordered obligations, activities approved by the court; or essential activities approved in advance by the supervising officer

(ii) Submit to the following location monitoring technology (check one):

Location monitoring technology as directed by the supervising officer

(iii) Pay all or part of the cost of location monitoring, including equipment loss or damage, based upon your ability to pay, as determined by the supervising officer.

On or about October 26, 2026, in Bedford, NH, the defendant participated in three activities that were not approved in advance by the supervising officer or by the Court.

Evidence in support of this violation includes 1) the probation officer's testimony about location data points captured from electronic monitoring software which list that the defendant went to Hannaford's, Trader Joe's, and Purple Finch Café in Bedford, NH, all of which were not approved in advance by the supervising officer; and 2) the probation officer's testimony about the defendant's admission to attending Hannaford's, Trader Joe's, and Purple Finch Café in Bedford, NH, on October 26, 2026, and that he knew did not have prior approval to attend the noted locations or activities.

**Violation of Condition 7(h): The defendant shall avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: victims**.

On or about October 26, 2026, in Hooksett, NH, the defendant had contact with his daughter, a person who may be a victim or witness in this case.

Evidence in support of this violation includes the probation officer's testimony 1) the defendant was directed not to have contact with his daughter on September 4, 2026, and 2) the defendant admitted he had contact with his daughter on October 26, 2026.

## SUMMARY OF DEFENDANT'S ADJUSTMENT TO SUPERVISION:

On August 6, 2026, the Court released the defendant on conditions to include location monitoring. Upon his release, he moved out of his family's residence on Joanne Drive in Hooksett, NH, and moved in with his elderly parents in Manchester, NH. The defendant is engaged in mental health counseling. He is currently unemployed. On September 4, 2026, the defendant was directed by the supervising officer not to have contact with his children, based on new charges that were alleged by the government.

## RECOMMENDATION:

Based upon the violations listed above and the defendant's adjustment to supervision, the probation officer believes that the defendant is a danger to the community. Therefore, the probation officer respectfully requests that the Court issue a warrant for the defendant's arrest so that he can be brought before the Court and be made to show cause as to why his bail should not be revoked.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted by,

/s/*Emma Paciulli*
Emma Paciulli
U.S. Probation Officer
Date: 10/30/2026

Reviewed & Approved by:

/s/*Steven R. Seero*
Steven R. Seero
Supervisory U.S. Probation Officer

---

---

THE COURT ORDERS

☐ No Action

☒ The Issuance of a Warrant. Petition and issuance of warrant to remain sealed pending arrest.

☐ The Issuance of a Summons

☐ The Modification of Conditions as Noted Above

☐ Other ______________________________

Andrea K. Johnstone
Andrea K. Johnstone
United States Magistrate Judge

Date: November 2, 2026