UNITED STATE DISTRICT COURT
District of New Hampshire

U.S. DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE
NOV 1 1 2026
FILED

UNITED STATES OF AMERICA

v.

Derald Solomon

Amendment to 8/6/2026

ORDER SETTING CONDITIONS OF RELEASE

Case No. 26 - ~~MJ - 00227 - 0001~~ Cr-69-01-PB

IT IS ORDERED that the release of the defendant is subject to the following conditions:

( ☒ )1. The defendant shall not commit any offense in violation of federal, state, or local law while on release in this case.

( ☒ ) 2. The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. 14135a.

( ☒ )3. The defendant shall immediately advise the court, defense counsel, and the U.S. Attorney in writing before any change in address and telephone number.

( ☒ ) 4. The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed or as directed.

( ☐ )5.

The defendant shall appear at ________________________________________________, on ______________________________ at __________ or as otherwise notified.

## ADDITIONAL CONDITIONS OF RELEASE

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( ☒ ) (6) The defendant is placed in the custody of:

Person or organization Dorothy and Gerald Solomon

Address *(only if above is an organization)* 3 Country Club Dr. unit 202

City and state Manchester NH Tel. No. 603-935-936[illegible]

who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: [signature] 11/3/26

*Custodian* *Date*

Authorized to sign via telephone by Dorothy + Gerald Solomon

( ☒ ) (7) The defendant must:

( ☐ ) (a) report as directed by the supervising officer ____________________

( ☐ ) (b) continue or actively seek employment.

( ☐ ) (c) continue or start an education program.

( ☐ ) (d) surrender any passport to: ____________________

( ☐ ) (e) not obtain a passport or other international travel document.

( ☒ ) (f) abide by the following restrictions on personal association, residence, or travel: children may not visit the approved residence.

( ☐ ) (g) no overnights away from the residence without preapproval of the supervising officer. Any change in residence must be preapproved by the supervising officer.

( ☐ ) (h) avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including:

____________________

( ☐ ) (i) Participate in a mental health program which shall include medical, psychological, or psychiatric treatment as directed by the supervising officer and do not discontinue any mental health program without preapproval of the supervising officer.

( ☐ ) (j) take all mental health medications as prescribed by treating physician.

( ☐ ) (k) execute, and do not withdraw or revoke, authorizations for the supervising officer to communicate and obtain information from health care providers.

( ☐ ) (l) maintain residence at a halfway house or community corrections center, as the supervising officer considers necessary.

( ☐ ) (m) comply with the following employment requirements or restrictions:

____________________

( ☐ ) (n) not possess a firearm, destructive device, or other weapon.

( ☐ ) (o) remove firearms from residence and provide written verification to supervising officer.

( ☐ ) (p) provide access to and execute authorizations and do not revoke/withdraw authorizations, for the release of any requested financial information as requested by the supervising officer.

( ☐ ) (q) not incur any new credit charges or open any new lines of credit without preapproval of the supervising officer.

( ☐ ) (r) not use alcohol ( ☐ ) at all ( ☐ ) excessively.

( ☐ ) (s) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

( ☐ ) (t) submit to testing for a prohibited substance, if required by the supervising officer. Testing may be used with random frequency and may include urine testing, wearing a sweat patch, submitting to a breathalyzer, and/or any other form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of substance screening or testing of prohibited substances.

( ☐ ) (u) refrain from purchasing, possessing, distributing, administering, or otherwise using any psychoactive substances (e.g. synthetic marijuana, bath salts, kratom, etc.), whether or not intended for human consumption, without the preapproval of the supervising officer.

( ☐ ) (v) participate in a program of inpatient or outpatient substance use treatment, if directed by the supervising officer.

( ☐ ) (w) be detained until he/she can be released directly into an inpatient treatment facility. Further hearing to be held upon the completion of the program or upon discontinuation for any reason. Defendant shall promptly notify the Court, Assistant U.S. Attorney and the supervising officer of his/her discontinuation of the program or the anticipated program completion date and shall appear for a bail review hearing as scheduled.

( ☐ ) (x) participate in the remote alcohol testing program using continuous electronic alcohol testing and comply with its requirements as directed, including not consuming alcohol. Pay all or part of the cost of remote alcohol testing, including equipment loss or damage, based upon your ability to pay, as determined by the supervising officer.

( ■ ) (y) participate in the location monitoring program and comply with the requirements, as directed in subsections i, ii, and iii.

- ( ■ ) (i) following the location restriction component (**check one**):
  - ( ☐ ) (1) **Curfew.** You are restricted to your residence every day ( ☐ )) from Start time to End time, or ( ☐ ) as directed by the supervising officer; or
  - ( ☐ ) (2) **Home detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance use, or mental health treatment; attorney visits; court appearances; court-ordered obligations; activities approved by the court; or essential activities approved in advance by the supervising officer; or
  - ( ■ ) (3) **Home incarceration.** You are restricted to 24-hour-a-day lockdown at your residence except for medical necessities* and court appearances or activities specifically approved by the court*; or

    as preapproved by probation
  - ( ☐ ) (4) ~~**Stand-alone**~~ **monitoring.** You have no residential component (curfew, home detention, or home incarceration) restrictions. However, you must comply with the location or travel restrictions as imposed by the court. **Note:** Stand-alone monitoring should be used in conjunction with global positioning system (GPS) or virtual mobile application technology.
- ( ☐ ) (ii) submit to the following location monitoring technology (**check one**):
  - ( ☐ ) (1) Location monitoring technology as directed by the supervising officer; or
  - ( ☐ ) (2) GPS; or
  - ( ☐ ) (3) Radio frequency; or
  - ( ☐ ) (4) Voice recognition; or
  - ( ☐ ) (5) Virtual mobile application. You must allow the supervising officer to conduct initial and periodic inspections of the mobile device and mobile application to verify that 1) the monitoring software is functional, 2) the required configurations (e.g., locational services) are unaltered, and 3) no efforts have been made to alter the mobile application.
- ( ☐ ) (iii) pay all or part of the cost of location monitoring, including equipment loss or damage, based upon your ability to pay, as determined by supervising officer.

( ☐ ) (z) report as soon as possible, to the supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

( ☒ ) (aa) Abide by all the mandatory, standard and special conditions of supervised release as previously imposed by this court.

( ☒ ) (bb) Not contact directly or indirectly with his children.

( ☐ ) (cc)

( ☒ ) (dd) comply with all conditions set forth in the August 8, 2026 OSCOR.

* There shall be no retroactive approval. All activities away from the residence shall require preapproval and verification.

(ee) You must not have contact with any child you know or reasonably know to be under the age of 18, including your own children, without the permission of the court. If you do have such contact you must report this contact to USPO and the court within 24 hours. Contact includes written communication, in person communication or physical contact. Direct contact does not include incidental contact during ordinary activities in public places, this exception is inapplicable to excuse contact with his children.

## Advice of Penalties and Sanctions

**TO THE DEFENDANT:**

**YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:**

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a federal offense while on pre-trial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the offense is a felony, or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment or a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to 10 years of imprisonment and a $250,000 fine or both to tamper with a witness, victim, or informant; to retaliate or attempt to retaliate against a witness, victim, or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) on offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

Date: 11/3/26

Signature of the Defendant

## Directions to United States Marshal

☐ The United State Marshal is ORDERED to keep the defendant in custody until notified by U.S. Probation or the court that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judge at the time and place specified, if still in custody.

☒ The defendant shall be detained until notified by U.S. Probation ~~or the court~~ that ~~he/she can be released directly to an inpatient treatment facility~~. defendants ~~your~~ parents agree to serve as third party custodians. If they decline defendant shall be detained pending a further hearing.

☐ The defendant is ORDERED released after processing.

Date: 11/3/2026

Andrea K. Johnstone

☒ United States Magistrate Judge
☐ United States District Judge

cc: Defendant
U.S. Attorney
U.S. Marshal
U.S. Probation
Defense counsel